IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| DOROTHEA REAGIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| NORTHERN HOSPITAL DISTRICT OF SURRY COUNTY, RADIOLOGIC ENTERPRISES, INC. d/b/a "RESOURCES ON CALL," NURSEFINDERS, INC., PATRICK S. MARKWALTER, M.D. and FORSYTH RADIOLOGICAL ASSOCIATES, P.A., | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM OPINION AND RECOMMENDATION**  1:08CV250 |
| Defendants. | ) | |

This matter is before the court on Defendant Northern Hospital District of Surry County's motion for summary judgment. (docket no. 41.) This motion has been briefed by opposing sides and is thus ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, Defendant's motion must be dealt with by way of recommendation. For the reasons discussed herein, it will be recommended that Defendant's motion for summary judgment be denied.

**BACKGROUND**

This is a medical malpractice action in which Plaintiff seeks to recover damages for injuries she sustained while being treated at a hospital owned by Defendant Northern Hospital District of Surry County. On October 21, 2005, Plaintiff was treated for a CT scan of her abdomen and pelvis. According to Plaintiff's

complaint, the contrast medium which was intravenously administered for purposes of the CT scan was negligently administered, causing injury, pain, and suffering. (Compl. ¶¶ 8-14.) Plaintiff filed her complaint April 9, 2008, against "Northern Hospital of Surry County" (docket no. 1), which apparently is the name by which the hospital is commonly known. Defendant answered on April 22, 2008, asserting that its correct name is Northern Hospital District of Surry County, and, among other things, that it is a governmental body entitled to sovereign immunity, and that Plaintiff failed to plead waiver of such immunity as required by North Carolina law. (docket no. 2.) Plaintiff amended her complaint on August 20, 2008, but did not address either of the aforementioned issues raised by Defendant's answer. (docket no. 19.) Defendant thus moved for summary judgment due to Plaintiff's failure to allege waiver of immunity. (docket no. 41.)

**STANDARD OF REVIEW**

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56©; *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear its burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish her claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

**DISCUSSION**

Under North Carolina law, "[s]overeign immunity ordinarily grants the State, its counties and its public officials, in their official capacity, an unqualified and absolute immunity from law suits." *Phillips v. Gray*, 163 N.C. App. 52, 55-56, 592 S.E.2d 229, 232 (2004); *Dawes v. Nash County*, 357 N.C. 442, 445, 584 S.E.2d 760, 762 (2003). Therefore, a county may not be sued unless a specific statute authorizes the suit, or the county has consented to being sued or has waived its immunity. *Archer v. Rockingham County*, 144 N.C. App. 550, 553, 548 S.E.2d 788, 790 (2001). When a defendant county or county entity is entitled to immunity, a plaintiff must affirmatively plead that the defendant has waived sovereign immunity.

*Paquette v. County of Durham*, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002). Failure by plaintiff to plead such waiver is a fatal defect. *Id.*

Counties are not entitled to immunity, however, when the county or its entity is engaged in a proprietary, rather than governmental, function. *Id.* (*citing Messick v. Catawba County*, 110 N.C. App. 707, 717, 431 S.E.2d 489, 493 (1993)); *Sides v. Cabarrus Mem'l Hosp., Inc.*, 287 N.C. 14, 20-26, 213 S.E.2d 297, 301-05 (1975). Thus, the question arises whether a county hospital, created pursuant to Chapter 131E, is proprietary or governmental in nature. This dispositive question was before the North Carolina Supreme Court in *Sides*, which extensively analyzed whether operation of a county hospital was governmental or proprietary in nature. *Sides*, 287 N.C. at 20-26, 213 S.E.2d at 301-05. After that analysis, the *Sides* court concluded that county-run hospitals are proprietary in nature:

> It seems clear to us that the operation of a public hospital is not one of the "traditional" services rendered by local governmental units. Accordingly, for this reason, and for the reasons hereinbefore stated, we hold that the construction, maintenance and operation of a public hospital by either a city or a county is a proprietary function. Hence, such hospitals, just like any other corporate employer, are liable in tort for the negligent acts of their employees committed within the course and scope of their employment.

*Id.* at 25-26, 213 S.E.2d at 304. The same issue arose in *Odom v. Lane*, 161 N.C. App. 534, 588 S.E.2d 548 (2003), in which a North Carolina trial court had granted

summary judgment for the defendant county hospital on immunity grounds.[1] The Court of Appeals found *Sides* controlling and thus reversed the trial court's grant of summary judgment, stating "Anson County Hospital was owned and operated by Anson County when plaintiff was born there. Because its operation was a proprietary function pursuant to *Sides*, it did not enjoy governmental immunity for tort claims against it." *Id.* at 536, 588 S.E.2d at 549.

I find no difference between the facts at issue here and those in *Sides* and *Odom*. While unclear whether the hospital at issue in *Sides* was created under the specific statutes that Section 131E replaced, the substantive nature of Chapter 307 of the 1935 Public-Local and Private Laws (under which the Cabarrus County hospital was created, see *Sides*, 287 N.C. at 16-18, 213 S.E.2d at 299-300) is so similar to the substance of N.C. GEN. STAT. § 131E-40 *et seq.* to render it applicable and controlling.[2] In sum, Defendant's actions–running a county hospital–are, according to *Sides* and *Odom*, proprietary in nature, and are thus not protected by

---

[1] The hospital in *Odom* was originally created pursuant to N.C. GEN. STAT. § 131 *et seq.*, which was repealed and replaced in large part by Section 131E. *See* Brief of Appellee, *Odom v. Lane*, COA02-1759, 2003 WL 23339076, at *11-15 (N.C. Ct. App. Apr. 28, 2003).

[2] When Plaintiff was injured, Defendant was operating as a hospital district pursuant to the Hospital District Act, N.C. GEN. STAT. § 131E-40 *et seq.* (2007). Before Plaintiff was injured, the county's Board of Commissioners had voted on a resolution to become a hospital authority pursuant to the Hospital Authority Act, N.C. GEN. STAT. § 131E-19 *et seq.* (2007), but the Secretary of State did not certify the hospital authority until after Plaintiff was injured. Here, Defendant claims immunity on the basis of being a county hospital pursuant to either N.C. GEN. STAT. § 131E-15 or -40. Regardless of Defendant's status as a hospital authority or a hospital district, under *Sides* and *Odom* Defendant's functions were proprietary in nature, and Defendant therefore does not enjoy governmental immunity.

any governmental immunity. Plaintiff, therefore, did not need to plead waiver of any such immunity as part of her complaint. As such, Defendant has failed to demonstrate Plaintiff's allegations are insufficient to establish her claim.

**CONCLUSION**

For the reasons stated herein, it is **RECOMMENDED** that Defendant's motion for summary judgment (docket no. 41) be **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

November 25, 2009